IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLISON COLLINS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| TAS OF ATLANTA, LLC d/b/a | ) | |
| MODERNA TAQUERIA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Allison Collins (hereinafter "Plaintiff"), and files this lawsuit against Defendant TAS of Atlanta, LLC, d/b/a Moderna Taqueria (hereinafter "Defendant"), and shows the following:

## **JURISDICTION AND VENUE**

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief, liquidated and actual damages, and reasonable attorneys' fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 and § 1337, and 28 U.S.C. §1343(4).

4.

Defendant is a foreign corporation registered and licensed to do business in Georgia, and the unlawful employment practices described herein occurred at 8540 Roswell Road, Suite 100, Sandy Springs, Georgia 30350.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.  Venue is also appropriate in this Court in accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), as Defendant's registered agent is located in the Northern District of Georgia and can be served via Paul Yuwachit, 1514 Sheridan Rd., #1404, Atlanta, Georgia, 30324.

## PARTIES

### 5.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

### 6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. § 203(e).

### 7.

During her employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid an overtime wage differential or the minimum wage for each hour worked.

### 8.

Defendant is a foreign corporation that is registered in Georgia and entitled to do business in Georgia.

### 9.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d).  Defendant is governed by and subject to the FLSA, 29 U.S.C. § 204, § 207, and § 215.

10.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to restaurant supplies and drink products.

13.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Paul Yuwachit, 1514 Sheridan Rd., #1404, Atlanta, Georgia, 30324.

## FACTUAL ALLEGATIONS

14.

Plaintiff began working the Defendant in March 2013 as a bartender.

15.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

16.

Plaintiff's job duties included preparing and serving drinks to customers.

17.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

18.

Defendant did not pay Plaintiff a minimum wage for all hours worked.

19.

Defendant did not pay Plaintiff an overtime differential for hours worked over forty (40) in a workweek.

20.

The time that Plaintiff worked after her scheduled shift ended caused Plaintiff's work hours to exceed 40 hours each week.

21.

Plaintiff was not compensated for all of the hours that she worked each day that she was required to complete after her shift ended in order to complete her work.

22.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

23.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the minimum wage required by the FLSA, 29 U.S.C. § 206 for each hour of work.

24.

Defendant failed to inform Plaintiff of the provisions of the tip credit subsection of the FLSA.

25.

Defendant failed to adhere to the "tip credit" requirements contained in Section 3(m) of the FLSA, 29 U.S.C. §203(m).

<u>COUNT ONE</u>
<u>VIOLATION OF THE OVERTIME PROVISIONS</u>
<u>OF THE FAIR LABOR STANDARDS ACT</u>

26.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

27.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

28.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

29.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

30.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records

with respect to Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

31.

Defendant's conduct was willful and in bad faith.

32.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## COUNT TWO
## VIOLATION OF THE MINIMUM WAGE REQUIREMENT OF THE FAIR LABOR STANDARDS ACT

33.

Defendant has violated 29 U.S.C. §206 by failing to pay the minimum wage for each hour worked by Plaintiff.

34.

Defendant suffered and permitted Plaintiff to routinely work without paying the minimum wage for each hour worked.

35.

Defendant's actions, policies and/or practices violate the FLSA's minimum wage requirement by regularly and repeatedly failing to compensate Plaintiff at the required minimum wage.

36.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff the minimum wage in violation of the FLSA.

37.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

38.

Defendant's conduct was willful and in bad faith.

39.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the minimum wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 USC §§ 207 and 206(d); liquidated damages as provided by FLSA, 29 USC § 216; prejudgment interest on unpaid wages pursuant to FLSA, 29 § 216; and court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA, 29 USC § 216, and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(C)    Grant declaratory relief to the effect that Defendant violated Plaintiff's statutory rights; and

(D)    Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 28th day of April, 2014.

**BARRETT & FARAHANY, LLP**

/s/ Abigail Larimer
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Abigail Larimer

Georgia Bar No. 999229

*Attorneys for Allison Collins*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

<u>/s/ Abigail Larimer</u>
Abigail Larimer
Georgia Bar No. 999229